# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODERICK MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV2247 HEA |
| ) | |
| SAINT LOUIS CITY CRIMINAL JUSTICE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Plaintiff had been an inmate at the St. Louis City Justice Center for only one month prior to filing this action and requesting his inmate account statement. Having reviewed plaintiff's financial information for this month, the Court assesses a partial initial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendant is the St. Louis City Justice Center. Plaintiff alleges he was denied his "religious practices" on July 2, 2017 because the St. Louis City Justice Center "decided they wanted to paint." He also alleges he was deprived of exercise, which he needs to maintain his blood pressure and cholesterol levels. Finally, plaintiff states that as a pretrial detainee he "should not be subject to cruel and unusual punishment."

**Discussion**

The complaint is subject to dismissal because it is legally frivolous. Plaintiff names the St. Louis City Justice Center as the sole defendant. However, jails and local government detention centers are not suable entities. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, Case No. 4:13-CV-528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

In addition, even if the Court were to liberally construe plaintiff's allegations as brought against the City of St. Louis and substitute the municipality as defendant, plaintiff's allegations

would not state a claim of municipal liability.  Liability under § 1983 may attach to a municipality if the constitutional violation resulted from:  (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise.  *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that under § 1983, the plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or a municipal employee exhibited deliberate indifference to the plaintiff's constitutional rights by failing to adequately train or supervise its employees) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1 within twenty-one (21) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 5] is **DENIED without prejudice as moot**.

---

[1] Prisoners must pay the full amount of the $350 filing fee.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that this case is **DISMISED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of October, 2017

                                             _____
                                             HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE